# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DAVID EUGENE BAILEY,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　　No. 4:11CV511 JCH
　　　　　　　　　　　　　　　　)
FRED JOHNSON, et al.,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's complaint pursuant to 28 U.S.C. § 1915. After reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose

of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff, an inmate at Southeast Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are several employees of the Missouri Department of Corrections, all employed at Potosi Correctional Center ("PCC").

Specifically, plaintiff asserts that he was subjected to cruel and unusual punishment, in violation of the 8th Amendment, during his incarceration at PCC, when he was subjected to assaults by correctional officers while he was handcuffed, given many false conduct violations in retaliation for complaining about the assaults and abusive behavior, and subjected to significant physical hardships during a long incarceration in administrative segregation. Plaintiff complains that several Department of Corrections administrators knew of the assaults and retaliatory conduct and refused to protect him, and even went so far as to falsify government documents in order to thwart plaintiff's early release. In this suit against defendants in both their individual and official capacities, plaintiff seeks both monetary and injunctive relief for the alleged wrongdoing.

Having carefully reviewed the complaint, the Court finds that plaintiff has alleged enough to survive § 1915 review at this time as to all defendants except Paul Johnson. Because plaintiff has not made any specific allegations against Paul Johnson, he will be dismissed from the instant lawsuit. See Madewell v. Roberts, 909 F.2d

1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights.").

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to Missouri Department of Corrections officials Fred Johnson, Ian Wallace, Mike Lundy, Unknown Lancaster, Eric Dunn, Kay Malloy, Unknown Jenkins, Unknown Davis, and Unknown Ruble.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Fred Johnson, Ian Wallace, Mike Lundy, Unknown Lancaster, Eric Dunn, Kay Malloy, Unknown Jenkins, Unknown Davis, and Unknown Ruble shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Paul Johnson because, as to this defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of June, 2011.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE