UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID EUGENE BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:11CV511 JCH |
| ) | |
| FRED JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Defendants' Motion to Dismiss (ECF No. 17) and this Court's Order to Show Cause (ECF No. 20). On September 28, 2011, this Court ordered Plaintiff David Bailey ("Bailey") to show cause why he has not responded to Defendants' Motion to Dismiss. Bailey was granted until Wednesday, October 12, 2011 to respond to this Court's Order to Show Cause, but Bailey has not filed a response. Accordingly, this Court will decide Defendants' Motion without the benefit of Bailey's response.

## **BACKGROUND**

Bailey alleges that the Defendants violated his Eighth Amendment rights while he was confined at the Potosi Correctional Center ("PCC") in Mineral Point, Missouri. At all relevant times herein, Defendants were employees of the Missouri Department of Corrections ("MDOC") at PCC. Defendant Fred Johnson was Deputy Warden of Operations. Defendant Ian Wallace was Deputy Warden of Offender Management. Defendant Mike Lundy was Assistant Warden. Defendant Timothy Lancaster was Administrative Inquiry Officer. Defendant Kay Malloy was Functional Unit Manager. Defendant Eric Dunn was a Correctional Caseworker. Defendants Shawn Jenkins, David Davis and Kenneth Ruble were Correctional Officers.

Bailey claims that Defendants violated his Eighth Amendment rights while he was assigned to administrative segregation from August 2009 through November 2010. Bailey alleges that the Defendants failed to protect him from assaults by correctional officers at PCC,[1] Defendants gave him false conduct violations in retaliation for complaining about the assaults, Defendants improperly refused to transfer him to a different housing unit, and Defendants provided inadequate heat, clothing, showers and bedding in violation of his Eighth Amendment Rights.

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

---

[1] Bailey does not allege that any of the named Defendants assaulted him.

## DISCUSSION

**I.     Liability for Respondeat Superior with respect to Johnson, Wallace and Lundy**

Defendants assert that Bailey's claim merely alleges liability based upon respondeat superior. See Defendants' Memorandum in Support of Defendants' Motion to Dismiss ("Memorandum"), ECF No. 18, p. 5 (stating that Bailey merely alleges that Johnson, Wallace, and Lundy "knew what was going on"). Generally, defendants cannot be liable for a §1983 claim based solely upon a theory of respondeat superior. Bell v. Kan. City Police Dep't, 635 F.3d 346, 347 (8th Cir. 2011)("respondeat superior is inapplicable to claims under 42 U.S.C. § 1983"); Vaughn v. Greene County, 438 F.3d 845, 851 (8th Cir. 2006).

Bailey, however, alleges more than exclusively respondeat superior liability against Johnson, Wallace, and Lundy. Bailey alleges that Johnson, Wallace and Lundy failed to protect him from the assaults of the "Quad C Mafia". (Complaint ("Compl."), ECF No. 1, pp. 5-6). In addition, Bailey alleges that he was retaliated against for complaining about the assaults and subjected to solitary confinement as punish. (Id.). Bailey even alleges that Johnson falsified violations to censure and silence him. (Id., p. 5).

The Court finds that Bailey's allegations go beyond claims of mere respondeat superior liability. See Schaub v. VonWald, 638 F.3d 905, 924 (8th Cir. 2011)("While prison supervisors cannot held liable under § 1983 on a theory of respondeat superior, they can incur liability when their corrective inaction amounts to deliberate indifference to or tacit authorization of an Eighth Amendment violation."). Bailey alleges that Johnson, Wallace and Lundy knew that Bailey was being assaulted by other guards and retaliated against him for his complaints. That is, Bailey alleges personal involvement in violating Bailey's constitutional rights. See Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (for a claim to be

cognizable under § 1983, plaintiff must allege that the defendant "was personally involved in or had direct responsibility for incidents that injured him"). Defendants' Motion to Dismiss Bailey's § 1983 claim based upon respondeat superior is denied.

## II. Qualified Immunity with respect to Johnson, Wallace and Lundy

Defendants assert that Bailey's claims for damages under § 1983 are barred by qualified immunity. (Memorandum, pp. 7-9). "Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Nelson v. Corr. Med. Servs., 583 F.3d 522, 527 (8th Cir. 2009) (citing Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) (quotation omitted)). In analyzing the officials' claim of qualified immunity, courts consider two questions: (1) whether the facts that a plaintiff has alleged or shown, when viewed in the light most favorable to plaintiff, support a finding that the conduct of defendants violated a constitutional right, and (2) whether that constitutional right was "clearly established" such that a reasonable official would have known that his or her actions were unlawful. Nelson, 583 F.3d at 528 (citing Pearson v. Callahan, 129 S. Ct. 808, 815-16, 172 L. Ed. 2d 565 (2009)). "'To overcome the defense of qualified immunity, a plaintiff must show: (1) the facts, viewed in the light most favorable to the plaintiff, demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation.'" McRaven v. Sanders, 577 F.3d 974, 980 (8th Cir. 2009) (quoting Howard v. Kansas City Police Dep't., 570 F.3d 984, 988 (8th Cir. 2009)).

Here, Bailey asserts that Johnson, Wallace and Lundy failed to protect him from being assaulted. A prisoner's right to be free from violence is clearly established. The Eighth Amendment prohibits cruel and unusual punishments. U.S. Const. amend. VIII. "The Eighth Amendment requires

officials to 'provide humane conditions of confinement' by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates." Schoelch v. Mitchell, 625 F.3d 1041, 1046 (8th Cir. 2010)(quoting Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). To prove unconstitutional failure to protect from harm, the plaintiff must show (1) an objectively, sufficiently serious deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. Schoelch, 625 F.3d at 1046 (internal citations omitted).

Bailey alleges that Johnson, Wallace and Lundy knew that the "Quad C Mafia" assaulted Bailey while he was cuffed or shackled. (Compl., pp. 5-6). Bailey alleges that, despite their knowledge of the attacks, Johnson, Wallace and Lundy refused to intervene or to transfer Bailey. (Id.). Instead, Johnson, Wallace and Lundy falsified violations, refused to transfer Bailey and placed him in solitary confinement. (Id.).

Defendants do not address Bailey's allegations that Defendants were aware of the assaults on Bailey but failed to protect him and punished Bailey for reporting such incidents. Defendants merely claim that Bailey's allegations do not allege facts that support that Bailey either faced a pervasive risk of harm or that Johnson, Wallace and Lundy deliberately disregarded such a risk. (Memorandum, p. 8). Defendants also assert that the unlawfulness of their actions was not apparent in light of preexisting law. (Memorandum, p. 9).

At this stage of the litigation, the Court finds that Bailey's §1983 is not barred by qualified immunity. Bailey alleges that Defendants had knowledge of the threats to and assaults on Bailey, but failed to protect him. (Compl., pp. 5-6). That is, Bailey alleges that Johnson, Wallace and Lundy were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. In addition, based upon the facts alleged, the Court finds that Johnson, Wallace and Lundy

should have known of the unlawfulness of their actions in light of preexisting law. Therefore, Bailey sufficiently alleges a constitutional deprivation under the Eighth Amendment, which was clearly established at the time. Defendants' Motion to Dismiss Bailey's § 1983 claim based upon qualified immunity is denied.

**III.     Qualified Immunity with respect to Malloy, Jenkins, Davis and Ruble**

Defendants claim that Malloy, Jenkins, Davis and Ruble are entitled to qualified immunity because Bailey has not alleged any actions that violated Bailey's statutory or constitutional rights of which a reasonable person would have known. (Memorandum, p. 9). Defendants assert that Bailey's claims against Malloy Jenkins, Davis and Ruble merely relate to the comfort of Bailey's confinement conditions and do not rise to the level of a constitutional violation. (Id., pp. 9-10).

To establish that conditions of confinement violate the Eighth Amendment, the plaintiff "must show that (1) the alleged deprivation is sufficiently serious that it denies 'the minimal civilized measure of life's necessities,' and (2) the prison officials were deliberately indifferent to 'an excessive risk to inmate health or safety.'" Seltzer-Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995)(quoting Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995)); see also Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011). The Eighth Amendment prohibits penalties "that transgress today's 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" Hutto v. Finney, 437 U.S. 678, 685, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978) (quoting Estelle v. Gamble, 429 U.S. 97, 102, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

With respect to Defendant Malloy, Bailey alleges that he did not have heat, adequate clothing or comfortable mattresses while in Malloy's "house". (Compl., p. 7).[2] With respect to Defendants

---

[2] Bailey also alleges that he complained to Malloy about the assaults that occurred in her "house," but that she, nevertheless, forced Bailey to return to her house. (Compl., p. 7). Bailey, however, does not allege that he was assaulted after he returned to Malloy's house so the Court finds

Jenkins and Davis, Bailey alleges that Jenkins and Davis did not allow Bailey to shower or have clean clothes during their 11pm to 7am shift for months. (Id.). With respect to Defendant Ruble, Bailey alleges that Ruble allowed him only one clean blanket during his fifteen months in solitary confinement and refused to allow him showers or clean clothes during his shift. (Id.).

Save some minor "bruising" of ribs due to thin mattresses, Bailey has not alleged that he suffered any injury or adverse health consequences as a result of his confinement, or that Defendants knew of and disregarded an excessive risk to his health or safety. See Seltzer-Bey, 66 F.3d at 964 (citing Johnson v. Boreani, 946 F.2d 67, 71 (8th Cir. 1991)(The Eighth Circuit has "held that the Eighth Amendment does not absolutely bar placing an inmate in a cell without clothes or bedding."). Bailey alleges only minor discomforts and inconveniences that do not rise to the level of constitutional violations. See Williams, 49 F.3d at 446 (no Eighth Amendment violation where plaintiff's evidence only showed that he felt some discomfort). Under these circumstances, Malloy, Jenkins, Davis and Ruble are entitled to qualified immunity based upon the allegations in the Complaint.

## IV.     Eleventh Amendment Immunity

Defendants assert that Bailey's allegations against all the defendants in their official capacities should be dismissed because they are immune from suit under the Eleventh Amendment. The Eleventh Amendment generally bars suit against the states in federal courts. SDDS, Inc. v. South Dakota, 97 F.3d 1030, 1035 (8th Cir. 1996). State officials sued in their official capacities normally

---

no basis for a failure to protect claim. See Schoelch, 625 F.3d at 1047 (for a failure to protect claim, plaintiff must show that the harm he suffered from the defendant's alleged failure to protect him was objectively serious).

are immune from suit in the federal courts.  Id.; Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir.1997) ("§ 1983 damage claims against the seven individual defendants acting in their official capacities are likewise barred, either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"); but see Rushing v. Simpson, No. 4:08CV1338, 2009 U.S. Dist. LEXIS 115718, at *13 (E.D. Mo. Dec. 11, 2009) (citing Hafer v. Melo, 502 U.S. 21, 30-31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991))("The Eleventh Amendment does not grant immunity when a § 1983 claim for damages is asserted against a state official in his or her personal capacity."); Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995) ("The Eleventh Amendment does not prevent a plaintiff from seeking damages from a state official if she sues the official in his personal capacity.").

Bailey alleges claims against the defendants in their official and individual or personal capacities.  See Compl., p. 1.  Based upon the foregoing, the Court dismisses the claims against the defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**, in part, and **DENIED**, in part.  The claims against Malloy, Jenkins, Davis and Ruble are dismissed.  The claims against all of the defendants in their official capacities are dismissed.  Dated this   19th    day of October, 2011.

/s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE